IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN DAVID TROTTER, | Cause No. CV 18-14-H-BMM-JTJ |
| Petitioner, | |
| vs. | AMENDED ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MICHAEL FLETCHER, | |
| Respondent. | |

This case comes before the Court on Petitioner John David Trotter's application for writ of habeas corpus under 28 U.S.C. §2254, filed January 12, 2018. Trotter is a state prisoner proceeding pro se.

## I.      Background

Trotter was one of a group of petitioners that joined in filing what they characterized as an "en masse petition for writ of habeas corpus- 28 U.S.C. § 2254 as per Rule 23 of the Federal Rules of Civil Procedure." (Doc. 1). The "en masse" petitioners sought to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana. *Id*. at 18-32. The group also attempted to file several motions as a group; each will be addressed in turn.

Trotter, and the additional petitioners, were notified that the Court would not

allow them to proceed as a group and that separate cases would be opened for each. (Doc. 6 at 2-3). Petitioners were then informed that each must respond individually and advise the Court of what steps had been undertaken to exhaust state court remedies. *Id*. at 3-5. Trotter did not respond to this Court's order.

### i.      Motion for Leave to Proceed in Forma Pauperis

Trotter has moved this Court to be granted in forma pauperis status. (Doc. 2). Because there is no reason to delay this matter further, Trotter's motion will be **GRANTED**.

### ii.      Motion to Dismiss

Trotter asks this Court to dismiss a Deliberate Homicide conviction handed down in Montana's Eighth Judicial District Court, Cascade County, in Cause No. DC-05-326. (Doc. 3 at 1).[1] The argument is premised upon what Trotter believes to be a faulty and unconstitutional state criminal charging process. *Id*. at 1-12.[2] This Court is not able to provide Trotter the relief sought. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power

---

[1] See also, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/2113613 (accessed February 26, 2018).
[2] All of the "en masse" petitioners filed this identical motion, but each specified his individual state-court conviction(s).

whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and dismiss the state conviction as suggested by Trotter. The Motion to Dismiss (Doc. 3) is **DENIED**.

### iii.    Motion for Joint Action

Trotter seeks to proceed in a group along with the ten other petitioners with whom he originally filed. As set forth above, the group was previously advised that each petition would be treated individually and as a separate filing. In the renewed "Joint Action to Stay Joined as One Action as per Fed. R. Civ. P. Rule 20(a)," *see* (Doc. 8), Trotter again seeks "en masse" filing status. The Motion will be denied.

As set forth above, the Court notes that three additional other groups of "en masse" petitioners have sought to proceed as a class and raise the same claim Trotter's initial group raised. All petitioners will be treated in the same manner, each must proceed individually.

Rule 12 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied in a habeas action "to the extent they are not inconsistent with any statutory provisions" or the § 2254 Rules. In order to qualify for federal habeas relief, a petitioner must meet certain prerequisites. State judicial remedies must be exhausted with respect to each claim raised. A petitioner generally may not proceed with claims that were defaulted in state court, but he

3

might be able to excuse a default.  He must comply with the federal statute of limitations, either by filing on time or by asserting entitlement to equitable tolling, or he must demonstrate that his untimeliness may be excused because he did not commit the crime of which he was convicted.  The Court no longer has jurisdiction over some petitioners' claims, because they have already litigated one federal habeas petition to conclusion.  Any new petition challenging their convictions is "second or successive" and must be pre-authorized by the Court of Appeals for filing in this Court.  *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).  All of these issues—exhaustion, default, timeliness, and second-or-successive filings—can only be adjudicated on an individual basis.

Presumably, Trotter believes the Court may decide the constitutional issue first and then sort out their individual entitlements to relief.  But courts generally do not pronounce on constitutional questions unless it is necessary to do so.  Even in a federal habeas action, the doctrine of constitutional avoidance is generally followed to the extent of first ascertaining whether a petitioner meets the prerequisites for habeas relief and only deciding the constitutional question if a decision doing so will not amount to an advisory opinion.  *See, e.g.*, *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (stating that procedural issues should "ordinarily" be decided first).

The law allows a court to *deny* a meritless claim without regard to the highly

4

individualized issues of exhaustion, timeliness, and default.  *See, e.g.*, 28 U.S.C. §
2254(b)(2); *Lambrix*, 520 U.S. at 525 (stating that "[j]udicial economy" might
support prioritizing issues "easily resolvable against the habeas petitioner").  But
deciding the merits immediately in this case would pose a significant fairness
issue.  Both the Supreme Court and the Court of Appeals have ruled that
potentially unwary pro se habeas petitioners must occasionally be warned or
protected against 28 U.S.C. § 2244(b)'s restriction on "second or successive"
petitions.  *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 377 (2003) (requiring
courts to warn a pro se litigant of intent to recharacterize a document as a habeas
petition); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (requiring courts
to construe new petition as motion to amend any contemporaneously pending
petition in order to avoid second or successive restrictions).  Here, any individual
petitioner might have other viable federal habeas claims, yet be prevented from
ever filing them, merely because insistent fellow prisoners convinced him to stand
in with them in filing a habeas petition that alleges a single and meritless claim.
*See* 28 U.S.C. § 2244(b).

In practical terms, too, prisoners who wish to proceed pro se and in a group
constantly face the prospect of transfer within an institution or transfer out to a
different institution.  Each pro se litigant must sign and file for himself.  *See* 28
U.S.C. § 1654.  No pro se litigant may sign a document for anyone else, because

that is the practice of law.  The Court will not interfere in prison management by ordering the prison to keep all petitioners together or by requiring the prison to provide time and space for them to meet together and discuss legal issues.  It is not feasible to allow "en masse" pro se prisoner litigation.

For all these reasons, the Court finds that joinder under Fed. R. Civ. P. 20 is inconsistent with 28 U.S.C. §§ 2244 and 2254.  Further, in view of the individualized prerequisites to habeas relief, no petitioner can be adequately "representative" of any other petitioner, *see* Fed. R. Civ. P. 23(a), and no petitioner can "fairly and adequately protect the interests of the class," *see* Fed. R. Civ. P. 23(a)(4).  Rule 23 is also inconsistent with 28 U.S.C. §§ 1654, 2244 and 2254.

Federal Rules of Civil Procedure 20 and 23 will not be applied in this action. *See* Rule 12, Rules Governing § 2254 Cases; *cf. Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).  As previously stated, the Court will treat the "en masse" filing as individual petitions under 28 U.S.C. §2254.  Trotter must proceed separately; his Motion for Joint Action (Doc. 7) is **DENIED**.

### iv.    Motion for Recusal

Trotter, along with the other "en masse" petitioners, also seeks recusal of "all Montana Judges and Magistrates in the U.S. District Court in the District of Montana."  (Doc. 8 at 1).  The basis for this request appears to be twofold. Apparently, an unidentified individual heard an unidentified Montana State Prison

employee state, relative to the present claims, "the Feds ain't going to help you, MSP and our Union own all the Judges in Montana." *Id*. Additionally, based upon the petitioners' belief that Montana's state criminal charging procedure is unconstitutional and "due to the fact that all of the Federal Judges came originally from and were 'schooled' through the state judge ranks, or as prosecutors or attorneys that most assuredly were involved in and party to the unconstitutional 'information and Belief' procedure instead of following the U.S. Constitution and the use of a Grand Jury Indictment" and because of the purported relationships the federal judiciary has with Montana state attorneys and state judges, Petitioners apparently believe the no member of the federal judiciary can adjudicate this matter fairly. *Id*. at 2. In support of the motion, Petitioners cite 28 U.S.C. § 455 and 28 U.S.C. § 144.

### a.  28 U.S.C. § 455

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for creation of apparent bias sufficient to require dismissal under [Section 455] is an objective one: 'whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F. 2d 315, 321 (9th Cir. 1983). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-

informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F. 3d 909, 914 (9th Cir. 2008). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id*. (citations omitted). Additionally, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of [proceedings]." *Id*. at 913-14.

### b.  28 U.S.C. § 144

Section 144 requires a party to file a timely and sufficient affidavit in support of its motion for recusal. To be legally sufficient, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *United States v. Azhocar*, 581 F. 2d 735, 739 (9th Cir. 1978). The judge must look at "the substantiality of the support given by these facts to the allegation of bias." *Id*. at 739-40. "Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. *Wilenbring v. United States*, 306 F. 2d 944, 946 (9th Cir. 1962). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."  *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991). "[O]pinions formed by the judge on the basis of

facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

When a court considers a motion under § 144, it should: (1) first evaluate whether to "grant recusal pursuant to [§544]"; and (2) if it determines that recusal is inappropriate under §544, proceed to "determine the legal sufficiency of the affidavit filed pursuant to [§144]." *United States v. Sibla*, 624 F. 2d 864, 868 (9th Cir. 1980). Under §144, recusal is not automatic. "An affidavit filed pursuant to §144 is not legally sufficient unless is 'specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party stemming *from an extrajudicial source*.'" *Id.*, (emphasis in original).

### c.  Analysis

Upon review of either statutory ground, Trotter has failed to establish that recusal is warranted. The basis for recusal rests entirely upon conclusory statements that are unsupported by the record before this court, by a legally sufficient affidavit, or by information obtained from extrajudicial sources.

Trotter initially provides a hearsay statement allegedly made between unidentified parties implying that the federal judiciary has been "bought out" by the Montana State Prison Employee's Union. This statement is not credible and a

reasonable person would not find that such a statement forms the basis to reasonably question the impartiality of this Court. *Nelson*, 718 F. 2d at 321. Moreover, Trotter's belief that the purportedly unconstitutional charging system utilized by the State of Montana has created a culture of practice in which no attorney or judge who has practiced at some point during his or her career within the state system could be fair and impartial is, likewise, incredible. Such a belief amounts to no more than an "unsubstantiated suspicion of personal bias or prejudice" and does not support recusal. *Holland*, 519 F. 3d at 909. Additionally, Trotter has not provided an affidavit in support of the recusal motion as required by §144. While recusal is inappropriate under§544, Trotter also fails to make the requisite showing of legal sufficiency of the affidavit under the second prong of §144.

Because Trotter has not established recusal is justified under either §144 or §544, and has also failed to demonstrate any reasonable basis on which to question this Court's impartiality in this matter, the motion for recusal (Doc. 8) will be **DENIED**.

### v.   Motion to Appoint Counsel

Trotter filed a motion for the appointment of counsel. Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez,* 999 F.2d 425, 428-29 (9th Cir.

1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases.  Counsel may be appointed at any stage of the proceedings if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

This case is not so complex that Trotter's right to due process will be violated if counsel is not appointed.  Trotter does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel. Trotter's Motion to Appoint Counsel (Doc. 9) is **DENIED**.

### vi.    28 U.S.C. § 2254 Petition

As set forth above, Trotter was directed to show cause as to what steps he had taken to exhaust the claims he raises in the instant petition at the state level. Trotter failed to timely respond to this Court's order.  Additionally, as stated in this Court's prior order of January 25, 2018, and explained herein, Trotter is precluded from filing his request for habeas relief en masse with other petitioners.  *See also*, (Doc. 5 at 2-3).  Dismissal on that ground is appropriate.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)(explaining that dismissal for technical procedural reasons should not bar prisoners from ever obtaining federal habeas

11

review)(citing *United States ex rel. Barnes v. Gilmore*, 968 F. Supp 384, 385 (N.C. Ill. 1997) and *Marsh v. U.S. Dist. Court for Northern Dist. of California*, 1995 WL 23942 at \*1 (N.D. Ca. 1995)).  Recognizing that courts generally treat pro se habeas petitioners leniently, the dismissal should be without prejudice.  *Castro v. United States*, 540 U.S. 375, 377 (2003); *Woods v. Carey*, 525 F. 3d 886, 889-90 (9th Cir. 2008).

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Trotter do not appear to make a substantial showing

12

that he was deprived of a constitutional right.  No reasonable jurist would suggest the Court go forward with the case without Trotter's participation.  A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Trotter's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2.  Trotter's Motion to Dismiss (Doc. 3) is DENIED.

3.  Trotter's Motion for Joint Action (Doc. 7) is DENIED.

4.  Trotter's Motion for Recusal (Doc. 8) is DENIED.

5.  Trotter's Motion to Appoint Counsel (Doc. 9) is DENIED.

## RECOMMENDATION

1.  Mr. Trotter's Petition (Doc. 1) should be DISMISSED without prejudice.

2.  The Clerk of Court should be directed to enter a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Trotter may object to this Findings and Recommendation within 14

days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Trotter must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 18th day of April, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Trotter is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.